## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| SHEIK LAQUNDUS LARON TANNER-BEY, | Case No. 15-CV-2339 (DSD/TNL) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| MINNESOTA DEPARTMENT OF CORRECTION, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on petitioner Sheik LaQundus Laron Tanner-Bey's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Tanner-Bey's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Tanner-Bey's petition.

Tanner-Bey, a state prisoner, pleaded guilty in January 2012 to one count of a second-degree controlled substance crime.[1] *See State v. Tanner*, No. A12-1282, 2013 WL 1395587, at *1 (Minn. Ct. App. Apr. 8, 2013). Two months later, Tanner-Bey moved to withdraw from his guilty plea. *Id*. The trial court denied the motion and sentenced Tanner-Bey to a 60-month term of imprisonment. *Id*. On appeal before the Minnesota Court of Appeals, Tanner-Bey raised

---

[1] Tanner-Bey was prosecuted and sentenced under the name "Laqundus Laron Tanner." This Court will refer to petitioner by the name used in the caption of the habeas petition.

several arguments regarding the validity of his conviction, including that he was not subject to the jurisdiction of the Minnesota state courts on account of his status as a "Moorish American Sovereign with Free National Name, All Unalienable Rights Reserved by Birthright." *Id*. The Minnesota Court of Appeals rejected this and the other arguments made by Tanner-Bey and affirmed his conviction. *Id*. at *1-3. Tanner-Bey did not petition the Minnesota Supreme Court for review.

Since his conviction, Tanner-Bey has filed at least two motions for post-conviction relief in state court. *See* Petition at 3-4 [ECF No. 1]. In those petitions, Tanner-Bey again argued that the Minnesota state courts lacked jurisdiction to prosecute him on account of his status as a Moorish-American. *Id*. Those petitions were denied by the trial court, and Tanner-Bey did not appeal the denial. *Id*. at 5.

Tanner-Bey raises four grounds for relief in his habeas petition. Those grounds, however, are largely duplicative. In each claim for relief, Tanner-Bey asserts that the Minnesota state courts lacked jurisdiction over him due to the operation of certain eighteenth- and nineteenth-century treaties between America and Morocco, his filing of a financing statement under the Uniform Commercial Code, his status as a Moorish-American, certain diplomatic status he retains with the Moorish Devine National Movement, or for some other similar reason.

An in-depth analysis of Tanner-Bey's claims is unnecessary in this case. A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b) and (c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the

highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). This requirement is explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999). While a state prisoner seeking federal habeas relief is not required to have spelled out every nuance of his federal constitutional claims to the state courts, nevertheless, if a claim is based on the federal constitution, the prisoner must "fairly present the facts and substance of his habeas claim to the state court." *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006); *accord McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

None of the claims raised by Tanner-Bey in his habeas petition has been presented to the Minnesota Supreme Court. Tanner-Bey did not petition the Minnesota Supreme Court for review of the decision of the Minnesota Court of Appeals affirming his conviction, and he did not seek any appellate review of the orders denying his motions for post-conviction relief. This

Court cannot consider the merits of Tanner-Bey's claims unless and until he fairly presents those claims to the Minnesota Supreme Court.

There are two limited exceptions to the requirement that a habeas petitioner first exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(B). Neither exception applies here, however. First, there is no indication that state remedies were unavailable to Tanner-Bey. Indeed, it seems that Tanner-Bey made a strategic decision not to seek appellate review from the Minnesota Supreme Court. *See* Petition at 5. Second, there is no reason to believe circumstances existed that would have rendered review by the Minnesota Supreme Court ineffective to protect Tanner-Bey's rights. If Tanner-Bey is correct that the Minnesota state courts lacked jurisdiction to enter a criminal judgment (for any reason), the Minnesota Supreme Court could have determined as much and vacated the judgment. Accordingly, this Court recommends that Tanner-Bey's habeas petition be denied without prejudice for failure to exhaust state remedies.[2]

Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly

---

[2]This Court does not reach the merits of Tanner-Bey's habeas petition. That said, Tanner-Bey's claims that the Minnesota state courts lacked jurisdiction over his criminal case due to his immunity as a Moorish-American appear, at first approximation, to be frivolous. *See Freeman v. Bernsen*, No. 4:14-CV-336-AGF, 2014 WL 1316249, at *1 (E.D. Mo. Apr. 2, 2014) (collecting cases).

unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Tanner-Bey's current habeas corpus petition differently than it is being treated here.  Tanner-Bey has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Tanner-Bey should not be granted a COA in this matter.

[Continued on next page.]

# RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Sheik LaQundus Laron Tanner-Bey's petition for a writ of habeas corpus [ECF No. 1] be **DENIED WITHOUT PREJUDICE** for failure to exhaust state remedies.

2. This action be **DISMISSED WITHOUT PREJUDICE**.

3. No certificate of appealability be issued.


Dated: June  2 , 2015                           *s/ Tony N. Leung*
                                                Tony N. Leung
                                                United States Magistrate Judge


                                                *Tanner-Bey v. Minnesota Department of Correction*
                                                Case No. 15-cv-2339 (DSD/TNL)


# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.